1  WHITE & CASE LLP
   DANIEL J. WOODS (SBN: 078638)
2  J. JONATHAN HAWK (SBN: 254350)
   633 W. Fifth Street, Suite 1900
3  Los Angeles, CA 90071-2007
   Telephone: (213) 620-7700
4  Facsimile: (213) 452-2329
   Email:     dwoods@whitecase.com
5  Email:     jhawk@whitecase.com

6  **Attorneys for Defendant and Counter-Claimant**
   **KENDRICK HOOPER**

7

8  **IN THE UNITED STATES DISTRICT COURT**
   **EASTERN DISTRICT OF CALIFORNIA**
9  **[Sacramento Division]**

10  RITA T. HOOPER AND LOUIS G.            CASE NO.: 2:08-CV-00699-JAM-KJM
    HOOPER AS TRUSTEES OF THE
11  GORDON HOOPER REAL ESTATE, INC.        **STIPULATION AND PROTECTIVE**
    EMPLOYEES' PENSION AND PROFIT          **ORDER**
12  SHARING PLAN; RITA T. HOOPER,
    INDIVIDUALLY; LOUIS G. HOOPER,
13  INDIVIDUALLY; GORDON HOOPER            **Complaint Filed:    March 24, 2008**
    REAL ESTATE, INC.,
14                                         **Judge:       Honorable John A. Mendez**
                    Plaintiffs,
15
           vs.
16
    KENDRICK HOOPER,
17
                    Defendant.
18  _____

19  KENDRICK HOOPER,

20                  Counter-Claimant,

21         vs.

22  RITA T. HOOPER AND LOUIS G.
    HOOPER AS TRUSTEES OF THE
23  GORDON HOOPER REAL ESTATE, INC.
    EMPLOYEES' PENSION AND PROFIT
24  SHARING PLAN; RITA T. HOOPER,
    INDIVIDUALLY; LOUIS G. HOOPER,
25  INDIVIDUALLY; GORDON HOOPER
    REAL ESTATE, INC.,
26
                    Counter-Defendants.
27  _____/

28  / / /

1    Plaintiffs and counter-defendants Rita T. Hooper and Louis G. Hooper as trustees of

2  the Gordon Hooper Real Estate, Inc. Employees' Pension and Profit Sharing Plan, Rita T.

3  Hooper and Louis G. Hooper, as individuals, and Gordon Hooper Real Estate, Inc., by and

4  through their attorneys, Joseph W. Scalia, Anthony J. Poidmore, and Spencer T. Malysiak,

5  and defendant and counter-claimant Kendrick Hooper, by and through his attorneys, White &

6  Case, LLP, enter into the following Stipulation for Protective Order regarding the production

7  and exchange of documents and information in this litigation as follows:

8    1.    All Discovery Material produced by any Party or nonparty in the Litigation

9  shall be used by the Party receiving it only for the purposes of investigating, prosecuting,

10  and/or defending claims relating to the Litigation.

11    2.    "Confidential Documents" or "Confidential Information," as used herein,

12  means Discovery Material which the Producing Party (defined below) believes in good faith

13  contains current confidential research, personal, or commercial information which is not

14  generally disclosed to the public by the Producing Party and which the Producing Party

15  designates as confidential at the time of production by stamping such documents as

16  "Confidential" or thereafter by providing written notice to the Parties receiving such

17  Confidential Documents or Confidential Information.  Electronically stored information

18  produced in electronic form shall be clearly designated as Confidential in a reasonable

19  manner.  If only a portion or portions of the material (including electronically stored

20  information) on a page qualifies for protection, the designating party must clearly identify the

21  protected portion(s) (e.g., by making appropriate markings in the margins) so that non-

22  protected material is not swept within the ambit of this Order.  All information and materials

23  produced by a Producing Party shall be treated as Confidential and subject to this Order until

24  expiration of a ten-day period following production.  With respect to testimony and any

25  exhibits, documents or other materials referred to during the giving of testimony, designation

26  as "Confidential" shall be made by the means of a statement on the record by counsel for the

27  witness or other authorized counsel at the time of the giving of testimony, or by written notice

28  by said counsel designating the portions of any transcript to be treated as confidential, which

STIPULATION AND PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1   is to be given to all counsel for the Parties within ten days of the receipt of such transcript. All

2   transcripts shall be considered Confidential and subject to this Order until the expiration of the

3   ten-day period.

4          3.      "Producing Party" means any person, whether or not a Party to the Litigation,

5   who produces information or materials in discovery in the Litigation.

6          4.      Confidential Documents, Confidential Information and information derived

7   there from may only be disclosed or made available by each Party receiving such information,

8   and by his, her or its counsel, to "Qualified Persons," who are defined to consist of:

9              (a)     The Court and its support personnel (in the manner provided by

10  paragraph 8 below);

11             (b)     Counsel to the Parties to the Litigation, including in-house counsel,

12  clerical, secretarial, paralegal staff, and outside services (including copy services, litigation

13  consulting services, document management serves, graphics services, and investigators)

14  employed by such counsel;

15             (c)     Court reporters and videographers engaged to record testimony in the

16  Litigation;

17             (d)     Such officers and employees of the Parties as counsel to the Parties to

18  the Litigation in good faith deem necessary to assist in the Litigation;

19             (e)     Experts or consultants and their staff assisting in the investigation,

20  prosecution or defense of the Litigation;

21             (f)     Any person who counsel to the Parties to the Litigation in good faith

22  believes will or may be requested or required to testify as a witness at deposition or trial

23  ("Potential Witness") provided that such Potential Witness shall be shown only such

24  Confidential Documents or Confidential Information as counsel shall reasonably deem

25  necessary to allow for full and fair exploration and presentation of information possessed by

26  the Potential Witness;

27             (g)     Any third-party mediator, settlement judge, or arbitrator selected by the

28  parties or assigned by the Court; and

-3-

STIPULATION AND PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1    (h)    Any other person the Producing Party agrees to in writing.

2    5.    Each Qualified Person (excluding the Court and its support personnel) who is

3    not a lawyer representing a Party to this action or employed by such a lawyer to whom

4    Confidential Documents or Confidential Information are disclosed pursuant to this Order shall

5    be advised that the Confidential Documents or Confidential Information are being disclosed

6    pursuant to, and subject to the terms of, an Order of the Court, that they are bound by the

7    terms of the Order, and that the sanctions for any violation of the Order include the penalties

8    that may be imposed by the Court for contempt.  Counsel for Parties to the Litigation shall

9    provide a copy of this Order to all such persons specified prior to such persons seeing the

10   Confidential material.

11   6.    The Confidential Documents or Confidential Information shall not be disclosed

12   to persons other than Qualified Persons.  However, nothing contained herein shall prevent any

13   Party from disclosing his, her or its own Confidential Documents or Confidential Information

14   as he, she or it deems appropriate, and any such disclosure by a Party shall not be a waiver of

15   the provisions contained herein, except as expressly provided herein.  Moreover, nothing

16   contained herein shall prevent a party from making generalized disclosures of information

17   derived from Confidential Documents or Confidential Information as may be reasonably

18   necessary in connection with the Litigation so long as such disclosures do not contain or

19   reveal any detailed Confidential Information.  Nothing contained herein shall prevent any

20   party from disclosing its own Confidential Documents or Confidential Information as it deems

21   appropriate, and any disclosure by a party of its own Confidential Documents or Confidential

22   Information shall not be a waiver of the provisions contained herein, except as expressly

23   provided herein.

24   7.    Nothing herein shall impose any restrictions on the use or disclosure by a Party

25   or witness of documents or information obtained by such Party or witness independently of

26   the discovery proceedings in the Litigation.

27   8.    All documents designated "Confidential" which are filed with the Court shall

28   be filed in accordance with Rule 5-133(b), Local Rules of Practice for the United States

STIPULATION AND PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1   District Court, Eastern District of California. However, the Court is not bound by the

2   designation of any material as "Confidential" and any such designation shall not create any

3   presumption that documents so designated are entitled to confidential treatment pursuant to

4   Fed. R. Civ. P. 26(c) or impoundment.

5           9.      A Producing Party that inadvertently fails to designate its material as

6   Confidential at the time of production may so designate it promptly after discovering the error.

7   The Producing Party shall provide to the receiving Parties replacement copies bearing the

8   "Confidential" designation or provide a list of the Bates numbers or written description of

9   those documents to be designated as "Confidential."  In that event, from that time forward, the

10  provisions of this Order shall apply to the newly designated material, and the receiving Parties

11  shall make reasonable efforts to retrieve the material from any non-Qualified Person to whom

12  it was previously disseminated, but shall have no other responsibility or obligation with

13  respect to any prior dissemination.  Any party may thereafter challenge the appropriateness of

14  the confidentiality designation in accordance with this Order, but the inadvertent production

15  without the confidentiality designation shall not constitute a waiver of any claim of

16  confidentiality.

17          10.     At the conclusion of the Litigation, all Confidential Documents and

18  Confidential Information and all copies of same shall be promptly returned to the Producing

19  Party at the request and expense of the Producing Party, or the receiving Parties shall destroy

20  all of the Producing Party's Confidential Documents and Confidential Information and certify

21  in writing to the Producing Party that such destruction has been effected, except that counsel

22  of record may retain for their files copies of any of their own work product, correspondence,

23  pleadings, briefs and exhibits, any other court filings, deposition transcripts and exhibits, and

24  hearing or other official transcripts and exhibits that contain Confidential Documents or

25  Confidential Information.  Such retained copies will remain subject to the restrictions herein.

26          11.     If a receiving Party receives a subpoena or production request or demand (a

27  "Demand") of any kind for another Party's Confidential Documents or Confidential

28  Information by any court, administrative or legislative body, or any other person purporting to

STIPULATION AND PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1   have authority to make a Demand for such information, the Party to whom the Demand is

2   directed shall give written notice thereof (including the delivery of a copy thereof) to counsel

3   for the Producing Party not less than five business days prior to the time when production of

4   the information is requested by the Demand.  In the event that the Demand purports to require

5   production of such Confidential Documents or Confidential Information on less than five

6   days' notice, the Party to whom the Demand is directed shall give immediate telephonic notice

7   of the receipt of such Demand, and forthwith deliver by hand, or facsimile a copy thereof, to

8   counsel for the Producing Party.  Absent a court order to the contrary, the Party to whom the

9   Demand is directed may comply therewith; provided, however, that if application for a

10   protective order is made promptly before the return date, the Party to whom the Demand is

11   directed shall not produce such Confidential Documents or Confidential Information prior to

12   receiving a court order requiring, or the consent of the Producing Party permitting, such

13   production.

14         12.    Designation of any Discovery Material as Confidential shall not preclude any

15   Party from contending before the Court that such Discovery Material does not qualify for

16   confidential treatment under Fed. R. Civ. P. 26(c) or that confidential treatment is otherwise

17   not warranted; shall not create any presumption that the Discovery Material so designated is

18   confidential; and shall not shift the burden of establishing entitlement to confidential treatment

19   from the Producing Party. The disputed Discovery Material shall be treated in accordance

20   with its designation as Confidential under the terms of this Order until the Court orders

21   otherwise.  If at any point a party contends that Discovery Material that a party has designated

22   as Confidential should not be so designated, the objecting party shall notify the Producing

23   party and the Parties shall meet and confer in good faith in an attempt to resolve the issue.  If

24   agreement cannot be reached, the objecting party shall notify the Producing Party in writing.

25   Email notification is acceptable.  Unless otherwise agreed in writing, ten (10) calendar days

26   after the Producing party has received this written notification, the material's confidential

27   designation shall be withdrawn and the material shall no longer be deemed Confidential unless

28   the Producing party files an application or motion for a ruling from the Court (set for the

STIPULATION AND PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1    earliest available hearing date) on the continued application of the designation.   If the

2    Producing party files such a motion then the document shall retain its confidentiality

3    designation pending the outcome of such motion.   The above procedure shall not preclude

4    application to the Court (by either party) on a more expedited basis as circumstances warrant.

5    If a dispute is presented to the Court for a ruling, the prevailing party will be entitled to its

6    reasonable attorneys fees and costs in prosecuting or defending any confidentiality

7    designation.

8         13.    In the event that Confidential Documents or Confidential Information are

9    disclosed to someone not authorized under the terms of this Order to receive such information,

10   counsel of record for the Party involved with the disclosure shall immediately inform counsel

11   of record for the Producing Party describing the circumstances surrounding the unauthorized

12   disclosure and shall take reasonable steps to retrieve the Confidential Documents or

13   Confidential Information.

14        14.    The requesting Party shall have no confidentiality obligations with respect to

15   any information that is:

16             (a)    Already known to the requesting Party without restriction;

17             (b)    Or becomes publicly known other than by the requesting Party's non-

18   compliance with this Order;

19             (c)    Received by the requesting Party without restriction from a third-party

20   who is not under an obligation of confidentiality;

21             (d)    Independently developed by the requesting Party;

22             (e)    Approved for release by written authorization of the Producing Party;

23   or

24             (f)    Disclosed by the requesting Party pursuant to judicial action, provided

25   that Producing Party is notified at the time such action is initiated.

26        15.    Nothing in the foregoing shall control or govern the use of evidence at trial.

27        16.    This Order shall be applicable to any third-party witnesses who agree in

28   writing to be subject to the terms of this Order.

STIPULATION AND PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

17.    This Order terminates and supersedes all prior understandings or agreements of the Parties on the subject matter hereof.  The Parties agree that any and all information they produced pursuant to the terms of any other protective order or confidentiality agreement relating to the Parties is released from the terms of such order or agreement and is now governed by the terms of this Order.  Any information marked confidential in such productions shall be deemed designated Confidential under this Order.

18.    The provisions hereof shall be binding on the Parties hereto when signed pending approval by the Court; provided, however, that if the Court declines to approve this Order, the provisions hereof shall remain binding on the Parties hereto unless and until the Court enters another order providing for the protection of confidential Discovery Material.

19.    Nothing herein shall prevent any Party from applying to the Court for a modification of this Order for good cause.

20.    No Party which has raised or raises a defense of lack of personal jurisdiction shall be deemed to have consented to personal jurisdiction by stipulating and agreeing to this Order.

**IT IS SO STIPULATED:**

Dated:  October 21, 2008                **LAW OFFICES OF JOSEPH W. SCALIA**

By: ___/s/ *Joseph W. Scalia*_____
**Joseph W. Scalia, Esq.**
Attorneys for Plaintiffs and Counter-Defendants

Dated:  October 16, 2008                **LAW OFFICES OF ANTHONY J. POIDMORE**

By: ___/s/ *Anthony J. Poidmore*_____
**Anthony J. Poidmore, Esq.**
Attorneys for Plaintiffs and Counter-Defendants

Dated:  October 22, 2008                **LAW OFFICES OF SPENCER T. MALYSIAK**

By: ___/s/ *Spencer T. Malysiak*_____
**Spencer T. Malysiak, Esq.**
Attorneys for Plaintiffs and Counter-Defendants

-8-

PDF created with pdfFactory trial version www.pdffactory.com

1

**Dated:** October 6, 2008                    **WHITE & CASE LLP**

2

3                                             **By:** _____/s/ Daniel J. Woods_____
                                                   **Daniel J. Woods, Esq.**
4                                                  Attorneys for Defendant and Counter-Claimant
                                                   KENDRICK HOOPER
5

6

7    **IT IS SO ORDERED:**

8

9    **DATED**: November 5, 2008                    /s/ John A. Mendez
                                                   **HON. JOHN A. MENDEZ**
10                                                 **UNITED STATES DISTRICT JUDGE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

**EXHIBIT A**

1
2          I hereby certify that I have been given a copy of and have carefully read the Protective

3    Order in the above-captioned case and that I fully understand the terms of that Order, a copy

4    of which is attached.  I recognize that I am bound by the terms of the Protective Order, and I

5    agree to comply with those terms.

6          I understand that I may only use any information that is produced in this litigation and

7    designated as Confidential (including without limitation any documents or information

8    derived from such information), in connection with this litigation and for no other purpose,

9    including without limitation any business, competitive, or governmental purpose or function.

10          I hereby affirm that, based on the nature of the case and the materials to be disclosed, I

11    reasonably and in good faith believe that I have no current or foreseeable business or

12    competitive use for the information that will be disclosed to me during the course of this

13    litigation.

14          I understand that Confidential Information and any copies, notes, or other records that

15    may be made regarding Confidential Information shall not be used by me nor disclosed by me

16    to others, except in conformance with the Protective Order.

17          I agree to return immediately all information produced or relating to this litigation,

18    including any copies, notes, or other records that may be made regarding such information, to

19    the attorney who provided it to me upon request.  I agree not to disclose any such information

20    to anyone who has not agreed to be bound by enforcing the Protective Order.

21          Executed this _____ day of _____, 2008 at _____

22                                                                        _____

23                                                                                          Signature

24    Name: _____   Affiliation: _____

25

26    Business Address: _____

27

28    Home Address: _____

STIPULATION AND PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com