IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA T. HOOPER AND LOUIS G. HOOPER AS TRUSTEES OF THE GORDON HOOPER REAL ESTATE, INC. EMPLOYEES' PENSION AND PROFIT SHARING PLAN; RITA T. HOOPER, INDIVIDUALLY; LOUIS G. HOOPER, INDIVIDUALLY; GORDON HOOPER REAL ESTATE, INC., | No. Civ. S-08-0699 JAM KJM<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR WRIT OF POSSESSION AND FOR INJUCTIVE RELIEF |

    Plaintiffs,

  v.

KENDRICK HOOPER,

    Defendant.
_____
KENDRICK HOOPER,

    Counter-Claimant,

  v.

RITA T. HOOPER AND LOUIS G. HOOPER AS TRUSTEES OF THE GORDON HOOPER REAL ESTATE, INC. EMPLOYEES' PENSION AND PROFIT SHARING PLAN; RITA T. HOOPER, INDIVIDUALLY; LOUIS G. HOOPER, INDIVIDUALLY; GORDON HOOPER REAL ESTATE, INC.,

    Counter-Defendants.

1

This matter comes before the Court on Plaintiffs Gordon Hooper Real Estate, Inc., Rita T. Hooper, and Louis G. Hooper's (collectively "Plaintiffs") motion for writ of possession pursuant to California Code of Civil Procedure §§ 511.010 through 516.050 and California Corporations Code § 1602, as those statutes are made applicable through Rule 64 of the Federal Rules of Civil Procedure ("FRCP"), and for injunctive relief pursuant to FRCP 65(a).  Defendant Kendrick Hooper ("Defendant") opposes the motion.  For the reasons set forth below[1], Plaintiffs' motion is DENIED.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This dispute concerns Gordon Hooper Real Estate, Inc. ("Hooper Real Estate") a California Corporation that was formed on July 1, 1976.  Plaintiffs' Memorandum of Points and Authorities in Support of Pls' Motion, filed Nov. 14, 2008, Docket # 17 ("Pls' Mot.") 4:8-9.  From the date of incorporation until disputably July 19, 2000, Plaintiff Louis G. Hooper ("Gordon Hooper") was the President and Chief Financial Officer of Hooper Real Estate.  Id. at 4:9-11.  Plaintiff Rita Hooper, Gordon Hooper's wife, was the Vice President and Secretary of the corporation from 1976 until July 20, 1992.  Id.  On July 20,

---

[1]   Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

1992, Plaintiffs appointed Defendant Kendrick Hooper, Rita and Gordon's son, as Vice President of the corporation. Id. at 4:17-18. At some point thereafter[2], Plaintiffs increased the size of the Board of Directors to three, to include Gordon, Rita, and Kendrick Hooper. Id. at 19-23. In addition, Kendrick Hooper was appointed as the Chairman of the Board, President, Chief Executive Officer, Treasurer, and Chief Financial Officer of Hooper Real Estate. Defendant's Opposition, filed December 5, 2008 at Docket # 34, ("Def's Opp.") 3:6-8. Gordon Hooper retired and Rita Hooper became Vice President and Secretary. Pls' Mot. at 4:25-26. As of 2000, Defendant Kendrick Hooper retained all corporate records, was responsible for most of the corporation's business, and became the primary contact for clients' real estate matters. See Id. at 4:26, 5:1-2; see also Def's Opp. at 3:8-9.

On April 2, 2008, Plaintiffs filed a complaint against Defendant seeking a constructive trust and injunctive relief and alleging breach of fiduciary duty, diversion of commissions, seizure of corporate opportunity, elder abuse, and intentional infliction of emotion distress. Doc. # 1. Plaintiffs allege

---

[2] The specific dates regarding Kendrick Hooper's appointment to Chairman of Board, President, Chief Executive Officer, Treasurer, and Chief Financial Officer, as well as Gordon Hooper's date of retirement vary between Defendant and Plaintiffs' moving papers.

Defendant misappropriated corporate funds by depositing commissions earned by Hooper Real Estate into his personal bank accounts and further, that Defendant failed to provide Plaintiffs with a complete account of Hooper Real Estate commissions.  Plaintiffs Gordon Hooper Real Estate, Inc. and Rita and Gordon Hooper, in their capacity as Officers and Directors of Hooper Real Estate, assert they are entitled to possession and control of the corporation's property. Plaintiffs' Reply Brief, filed December 12, 2008 at Doc. # 42, ("Pls' Reply) 3:21-27, 4:1-17.[3]

On May 13, 2008, Defendant filed his answer and counter-claims, including claims for breach of fiduciary duty, removal of trustees, specific performance, and *quantum meruit* for reimbursement of his personal funds used to pay for the corporation's expenses.  Doc. # 6.  Defendant contends he is entitled to the funds in his personal banking accounts and has provided Plaintiffs with over 4,800 pages of documents related to Hooper Real Estate.  Def's Opp. at 5:8-9, 6:2-5, 14:6-10. Defendant also argues since May 27, 2008, he incorporated Kendrick Hooper Real Estate, Inc. ("KHRE") and became the sole

---

[3]  Plaintiffs violated the Court's Scheduling Order, Doc. # 11, by filing a Reply Brief that is fourteen pages.  The Court's Scheduling Order limits reply memoranda to ten pages, absent leave of court. Any future violations of this Order may result in sanctions.

owner and Broker of Record.  Id. at 12:19-20.  Defendant claims the commissions earned as owner and broker of KHRE were properly deposited in his personal banking accounts and that Plaintiffs have no ownership interest in the commissions.  Id. at 12:20-22.

In the instant motion, Plaintiffs seek a writ of possession and a preliminary injunction against Defendant.  Doc. # 16, 24. Plaintiffs seek to enjoin Defendant from selling, conveying, or encumbering two properties that Plaintiffs allege belong to Hooper Real Estate, as well as mandate Defendant to permit Plaintiffs to have possession to any and all assets and accounts of Hooper Real Estate, to preserve all corporate books, minutes, records, and related documents for Hooper Real Estate, and to deposit all commissions and funds earned as a real estate agent or broker, past, present, and future, into the designated bank account of Hooper Real Estate.  In opposition, Defendant argues Plaintiffs' motion for a writ of possession and a preliminary injunction against him fail as a matter of law.  Doc. # 34.

II.  OPINION

A. Legal Standard

A writ of possession is a provisional remedy which, when granted, awards the moving party temporary possession of the property in question.  See PMS Distributing Co., Inc. v. Huber & Suhner, A.G., 863 F.2d 639 (9th Cir. 1988).  The court's authority to issue a writ of possession is provided in

5

California Code of Civil Procedure Section 512.010, made applicable by Federal Rule of Civil Procedure 64.  Under Federal Rule of Civil Procedure 64, "[a]t the commencement of and throughout the action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."  Fed. R. Civ. P. 64(a).  California Code of Civil Procedure § 512.010 provides, "[u]pon the filing of the complaint or at any time thereafter, the plaintiff may apply pursuant to this chapter for writ of possession by filing a written application for the writ with the court in which the action is brought."  Cal. Civ. Proc. Code § 512.010(a).

To obtain a writ of possession under § 512.010, the moving party must show: (1) he is entitled to possession of the property; (2) the property is wrongfully detained by the defendant; (3) a particular description of the property and a statement of its value; (4) the location of the property; and (5) that the property has not been taken for a tax, assessment, or fine.  Cal. Civ. Proc. Code § 512.010(b)(1)-(5).  In addition, a writ of possession shall issue only if the plaintiff has established the "probable validity" that he is entitled to immediate possession of the property.  Id. §§ 511.090, 512.060(a)(1), see Western Oil Fields Supply v. Goodwin, 2008 U.S. Dist. LEXIS 80199 (E.D. Cal. Oct. 4, 2008), at *6.  A

plaintiff's claim has "probable validity" if "it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim. Id. § 511.090.

In addition to seeking a writ of possession, the plaintiff may apply for an injunction against the defendant by setting forth grounds justifying the issuance of such an order. See Fed. R. Civ. P. 65(a). For a moving party to prevail on its request for injunctive relief, the party must either show a likelihood of success on the merits of the underlying controversy and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). Under any formulation of the test, however, the moving party must demonstrate that there exists a significant threat of irreparable injury. See Oakland Tribune, 762 F.2d at 1376. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. See id. The loss of money, or an injury whose measure of damages can be calculated in terms of money, will not be considered irreparable. See id. at 1334-35.

B. Writ of Possession

Plaintiffs seek a writ of possession for nine categories of property including all commissions earned by Defendant for real estate transactions between the dates of January 1, 2003 and the present, all funds belonging to Hooper Real Estate, all corporate books and records, complete copies of listing agreements, and all instructions and things necessary for Plaintiffs to obtain access to two properties owned by Hooper Real Estate, including but not limited to alarm security codes and keys.  Pl's Mot. 2:1-27, 3:1-18.  To obtain a writ of possession for these requested items, Plaintiffs must show: (1) they are entitled to possession of the property through either an ownership or security interest; (2) the property is wrongfully detained by Defendant; and (3) there is a "probable validity" that Plaintiffs are entitled to immediate possession of the property.  Cal. Civ. Proc. Code §§ 511.090, 512.010(b)(1)-(2).

Here, Plaintiffs have failed to meet the statutory requirements for issuance of a writ of possession because they fail to meet the first prong of the test, to show an entitlement to possession of the property.  See Id. § 512.010(b)(1).  First, Plaintiffs have not established with probable validity that they are entitled to immediate possession of all funds, commissions, documents, listing agreements, and other requested property items belonging to KRHE.  On May 27, 2008, Defendant became the

sole owner and broker of record for KHRE, a separate legal entity from Hooper Real Estate.  Defs' Opp. at 12:19-20.  Despite Plaintiffs' lack of ownership in KHRE, they seek possession of KHRE corporate books and records, transaction documents, listing agreements, and commissions.  Def's Opp. at 12:19-22.  At this point in the litigation there remain factual disputes as to whether Defendant has usurped a corporate business opportunity by opening a competing business and if so, what amount of commissions and funds from these real estate transactions are owing to Plaintiffs.  Thus, although Plaintiffs argue Defendant usurped a Hooper Real Estate business opportunity by opening KHRE and that they are entitled to recover all documents and profits from these transactions, Plaintiffs have not demonstrated to the Court that "they are more likely than not" to obtain a judgment against Defendant as required by statute.  See id. at § 511.090.  Moreover, Plaintiffs have failed, pursuant to Cal. Civ. Proc. Code § 512.010(b)(3), to provide the Court with a particular description and statement of the value of the property they seek from KHRE.  As such, Plaintiffs have failed to meet the statutory requirements for a writ of possession.

   Plaintiffs also seek immediate possession of property belonging to Hooper Real Estate.  Although Plaintiffs claim they are entitled to possession of all corporate commissions earned

by Defendant and all funds, property, listing agreements, and documents relating to Hooper Real Estate, Plaintiffs have again failed to meet the statutory requirements with respect to Hooper Real Estate property.  See Cal. Civ. Proc. Code § 511.090, 512.010(b)(1)-(5).  Plaintiffs have not provided the Court with a title deed to the corporate property, they have not presented evidence that the property is being wrongfully withheld by Defendant, and they have failed to show a probable validity that they are entitled to immediate possession of such property as required by the statute.  See id., Cf. Western Oil Fields, 2008 U.S. Dist. LEXIS 80199, at *7-9 (Plaintiffs established the probable validity of their claim by presenting evidence of a balance due in a specific amount of money and a contractual agreement).  In the instant motion, Plaintiffs simply identify commissions paid to Defendant totaling $858,129.87, however they fail to show an agreement, contract, or documentation that entitles them to possession of these commissions.  Pls' Mot. at 7:8-27 through 9:1-20.  Defendant maintains that as the Broker of Record he was entitled to the standard commission-split of ninety-two percent of any real estate transactions and that the remainder of the commissions were allocated toward Hooper Real Estate expenses.  Defs' Opp. 16:2-15.  Because Plaintiffs have failed to establish that they are entitled to possession through an ownership or security interest and further, have failed to

provide the Court with a particular description and statement of the value of the property they seek from Defendant, Plaintiffs have failed to meet the statutory requirements of Cal. Civ. Proc. Code § 512.010(b).  Accordingly, Plaintiffs are not entitled to a writ of possession.

Finally, Plaintiffs argue they are entitled to a writ of possession under California Corporations Code Section 1602. Section 1602 provides, "[e]very director shall have the absolute right at any reasonable time to inspect and copy all books, records and documents of every kind and to inspect the physical properties of the corporation of which such person is a director."  Cal. Corp. Code § 1602.  Here, Plaintiffs Rita and Gordon Hooper, as members of the Board of Directors, have a right under Section 1602 to inspect and copy corporate records and documents as well as to inspect the Hooper Real Estate property.  However, Section 1602 does not afford Plaintiffs the right to possession of corporate documents, records, or property.  See Jara v. Suprema Meats, Inc., 121 Cal. App. 4th 1238, 1263-64 (1st Dist. 2004)(holding that Section 1602 affords no more than a right to inspect and copy records at the company office).  As noted in Jara, it would be unreasonable to construe Section 1602 as requiring the corporation to assemble and deliver voluminous documents upon request.  Id.  The potential burden of such an obligation is demonstrated by the fact that

Defendant produced 4,800 pages of documents dating back to January 1, 2005 in accordance with Plaintiffs requested documents during the discovery process. Defs' Opp. at 14:6-8. Moreover, Defendant asserts he remains willing to exchange documents and he has agreed not to sell or encumber the Hooper Real Estate offices until after the completion of this case. Id. at 9:19-20, 14:8-9. If Defendant does not produce all of the documents responsive to Plaintiffs discovery requests, Plaintiffs can pursue that claim through a discovery motion. Accordingly, Plaintiffs have failed to show that they are entitled to the provisional remedy of immediate possession of the requested property and consequently, Plaintiffs' motion for a writ of possession is denied.

C. Injunctive Relief

Plaintiffs seek a preliminary injunction which would require Defendant to deliver to Plaintiffs all future documents regarding real estate transactions, all future listing agreements, and all future commissions, and to provide dual signatures in order to withdraw any cash from Hooper Real Estate bank accounts before trial. Defs' Opp. 16:16-24, 17:1-5. To be successful on their request for a preliminary injunction Plaintiffs must, at a minimum, demonstrate that they will be exposed to irreparable harm. Oakland Tribune, 762 F.2d at 1376. A preliminary injunction is a very far reaching power never to

be indulged except in a case clearly warranting it, Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964), and therefore will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action.  Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).

To show there is a substantial threat of suffering irreparable harm, Plaintiffs must show an immediate threat of injury.  Caribbean Marine Serv. Co., Inc. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).  Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.  Id.  The threat of harm must be imminent to satisfy this requirement; it cannot be a past exposure to harm or a threat of irreparable harm at some point in the indefinite future.  See City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983), see also Midgett v. Tri-County Metro. Transp. Dist. Of Oregon, 254 F.3d 846, 850-51 (9th Cir. 2001).

In addition to showing irreparable injury, Plaintiffs must demonstrate that legal remedies are inadequate.  Legal remedies are only inadequate if the harm cited by Plaintiffs cannot be redressed by a legal or equitable remedy following trial. Sampson v. Murray, 415 U.S. 61, 90 (1974) (the availability of money damages weighs heavily against irreparable harm); Los Angeles Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1202

(9th Cir. 1980)(lost revenues can be remedied by a money damage award).

Here, Plaintiffs have failed to show the possibility of irreparable injury because Plaintiffs' arguments for seeking a preliminary injunction are based on alleged past harms committed by Defendant.  Plaintiffs assert Defendant has not deposited real estate commissions into Hooper Real Estate's bank accounts and has not paid Plaintiffs their share of the proceeds from these commissions since January 1, 2006.  Pls' Mot. at 9:22-27, 11:26-27.  Plaintiffs now seek a preliminary injunction mandating Defendant to deposit all future commissions into the Hooper Real Estate account.  Such allegations of past harm, however, do not demonstrate an immediate threat of irreparable injury.  See City of Los Angeles, 461 U.S. at 102, see also Midgett, 254 F.3d at 850-51.  Moreover, even if Plaintiffs' allegations are true and a judgment will render against Defendant for diversion of real estate commissions, money damages will be an adequate legal remedy.  See Sampson, 415 U.S. at 90; see also Los Angeles Memorial Coliseum Comm'n, 634 F.2d at 1202.  Any funds that were improperly drawn from Hooper Real Estate's account and any commissions not paid to Plaintiffs, in which they were entitled, can be fully remedied by a damages award.  Id.  Thus, because Plaintiffs have not made the requisite showing of irreparable harm, this Court cannot grant a

preliminary injunction against Defendant.  In the absence of a significant showing of possible irreparable harm, the Court need not reach the issue of likelihood of success on the merits.  See Oakland Tribune, 762 F.2d at 1376.  Accordingly, Plaintiffs motion for injunctive relief is denied.

### III. ORDER

For the reasons set forth above, Plaintiffs' motion for writ of possession and for injunctive relief is DENIED.

IT IS SO ORDERED.

Dated: January 20, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE