| | |
|---|---|
| 1 | **Law Offices of** |
| | **JOSEPH W. SCALIA** |
| 2 | State Bar No. 072526 |
| | 3001 Lava Ridge Court, Suite 130 |
| 3 | Roseville, California 95661 |
| | Telephone: (916) 787-1290 |
| 4 | Facsimile: (916) 787-1293 |
| 5 | **LAW OFFICES OF ANTHONY J. POIDMORE** |
| | **A Professional Law Corporation** |
| 6 | **Anthony J. Poidmore, Esq. (SBN 51346)** |
| | 3001 Lava Ridge Court, Suite 130 |
| 7 | Roseville, California 95661 |
| | Telephone: (916) 787-1290 |
| 8 | Facsimile: (916) 787-1293 |
| 9 | **Spencer T. Malysiak** |
| | **SPENCER T. MALYSIAK LAW CORP.** |
| 10 | **State Bar Number: 84654** |
| | 1180 Iron Point Road, Suite 145B |
| 11 | Folsom, California 95630 |
| | Telephone: (916) 985-4400 |
| 12 | Facsimile: (916) 985-0100 |
| 13 | Attorneys for Plaintiffs |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RITA T. HOOPER AND LOUIS G. HOOPER AS TRUSTEES OF THE GORDON HOOPER REAL ESTATE, INC. EMPLOYEES' PENSION AND PROFIT SHARING PLAN, RITA T. HOOPER, INDIVIDUALLY LOUIS G. HOOPER, INDIVIDUALLY GORDON HOOPER REAL ESTATE, INC., <br><br>Plaintiffs, <br><br>v. <br><br>KENDRICK HOOPER, <br><br>Defendant. | Case No.: 2:08-CV-00699-JAM-KJM <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR A MANDATORY PRELIMINARY INJUNCTION GRANTING GORDON HOOPER REAL ESTATE, INC. ACCESS TO TWO (2) CORPORATE PROPERTIES PENDING TRIAL [F.R.C.P. 65(a)]** <br><br> Date: **3/11/2009** <br> Time: **9 a.m.** <br> Dept: **6** <br> **The Hon. John A. Mendez** |

1

PDF created with pdfFactory trial version www.pdffactory.com

| | |
|---|---|
| KENDRICK HOOPER, | ) |
| | ) |
| Counter-Claimant, | ) |
| | ) |
| vs. | ) |
| | ) |
| RITA T. HOOPER AND LOUIS G. HOOPER AS TRUSTEES OF THE GORDON HOOPER REAL ESTATE, INC. EMPLOYEES' PENSION AND PROFIT SHARING PLAN; RITA T. HOOPER, INDIVIDUALLY; LOUIS G. HOOPER, INDIVIDUALLY; GORDON HOOPER REAL ESTATE, INC., | ) |
| | ) |
| Counter-Defendants. | ) |

The motion of Plaintiff Gordon Hooper Real Estate, Inc. ("Hooper Real Estate") for a mandatory preliminary injunction against Defendant Kendrick Hooper ("Kendrick") came on regularly for hearing on March 11, 2009, at 9:00 a.m. in Dept. 6, The Hon. John A. Mendez, Judge Presiding.

Plaintiffs appeared by and through their counsel Joseph W. Scalia, Esq., and Spencer T. Malysiak, Esq. Defendant appeared by and through his counsel, Thomas J. Benedict of White & Case. The matter was argued and submitted. The Court, having reviewed the moving and opposition papers, as well as the argument of counsel, on proof made to the court's satisfaction, and good cause appearing, rules as follows:

**WHEREFORE,** the Court finds that:

1. Plaintiff GORDON HOOPER REAL ESTATE, INC. is the legal owner of the real property located at 695 N. Lake Blvd. and 234 Pioneer Way, both in Tahoe City, California, and

2. Defendant KENDRICK HOOPER is currently occupying such real property, and is currently operating Kendrick Hooper Real Estate, Inc., his own separate corporation, out of the corporate offices owned by Plaintiff, all without having presented any evidence during this

2

Order Granting Plaintiff's Motion For An Injunction  Case No.: 2:08-CV-00699-JAM-KJM

PDF created with pdfFactory trial version www.pdffactory.com

Motion that Defendant has any agreement with Plaintiff permitting Defendant the right to occupy such real property, and

    3.    Unless this injunction is issued, Plaintiff GORDON HOOPER REAL ESTATE, INC. will suffer irreparable harm in that real property is considered unique, and Defendant's present and continued use and occupation of such real property, to the exclusion of Plaintiff's officers and employees, would so interfere with Plaintiff GORDON HOOPER REAL ESTATE, INC.'s rights of ownership to such property such that it which would lead to irreparable injury for which monetary damages are insufficient, and

    4.    There a substantial likelihood that Plaintiff GORDON HOOPER REAL ESTATE, INC. will prevail on the merits since such Plaintiff owns the real properties in question, and

    5.    The threatened injury to Plaintiff GORDON HOOPER REAL ESTATE, INC, through its officers and designated real estate broker, in being excluded from the business property owned by Plaintiff, outweighs the threatened harm the injunction may do to Defendant, who continues to use and occupy such property.

**NOW, THEREFORE, IT IS THE ORDER OF THIS COURT** that Plaintiff's motion for an order granting Rita T. Hooper and Louis G. "Gordon" Hooper access to Gordon Hooper Real Estate's two (2) corporate properties located at 695 N. Lake Blvd. in Tahoe City, California, and 234 Pioneer Way in Tahoe City, California pending trial is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that Defendant Kendrick Hooper shall forthwith deliver to Plaintiff GORDON HOOPER REAL ESTATE, INC., through its Officers, Rita T. Hooper and Gordon Hooper, a complete duplicate set of keys to Hooper Real Estate's two (2) corporate properties – 695 N. Lake Blvd. in Tahoe City, California, and 234 Pioneer Way in Tahoe City, California – as well as all access codes to the alarm system and other information necessary to permit such corporate officers to gain access to such properties, pending trial.

**IT IS FURTHER ORDERED** that the Defendant KENDRICK HOOPER shall forthwith deliver to Plaintiff GORDON HOOPER REAL ESTATE, INC., through its Officers,

Order Granting Plaintiff's Motion For An Injunction     Case No.: 2:08-CV-00699-JAM-KJM

PDF created with pdfFactory trial version www.pdffactory.com

Rita T. Hooper and Gordon Hooper, all information in the possession or control of Defendant KENDRICK HOOPER or Kendrick Hooper Real Estate, Inc., and each of their respective agents, employees, and representatives, to permit Rita T. Hooper and Gordon Hooper to have access to the real and personal property belonging to Plaintiff GORDON HOOPER REAL ESTATE, INC. and located at 695 N. Lake Blvd. in Tahoe City, California, and 234 Pioneer Way in Tahoe City, California pending trial, including all passwords and codes to the computers and the multiple listing service with the Sierra Board of Realtors.

**IT IS FURTHER ORDERED** that the Defendant KENDRICK HOOPER shall otherwise cooperate with Plaintiff GORDON HOOPER REAL ESTATE, INC., through its Officers, Rita T. Hooper and Gordon Hooper, to provide such information and permissions to assist Rita T. Hooper and Gordon Hooper in gaining access to the telephone lines, computer servers, computer connections, and internet to permit Plaintiff GORDON HOOPER REAL ESTATE, INC. to conduct and operate the real estate brokerage business of Plaintiff GORDON HOOPER REAL ESTATE, INC. from and at 695 N. Lake Blvd. in Tahoe City, California, and 234 Pioneer Way in Tahoe City, California pending trial.

**IT IS FURTHER ORDERED** that the Defendant KENDRICK HOOPER is hereby enjoined from removing, destroying, deleting, secreting, or otherwise making unavailable any documents, personal property, items, files, information, and computer connections that existed at 695 N. Lake Blvd. in Tahoe City, California, and 234 Pioneer Way in Tahoe City, California as of March 11, 2009.

**IT IS FURTHER ORDERED** that the Defendant KENDRICK HOOPER shall designate any and all property located at 695 N. Lake Blvd. in Tahoe City, California, and 234 Pioneer Way in Tahoe City, California that he contends belongs to him personally or to Kendrick Hooper Real Estate, Inc. without damaging or removing such property or any other property located at such addresses. Upon agreement of the parties, through counsel if necessary, that any property belongs to KENDRICK HOOPER and/or Kendrick Hooper Real Estate, Inc, such property may be removed and/or otherwise maintained by Defendant as he sees fit.

PDF created with pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that this order shall take effect immediately upon entry, and the Court finds that no undertaking or bond is required for purposes of issuing this mandatory preliminary injunction since Plaintiff is the owner of the real property involved in the motion.

The Court reserves jurisdiction to modify this injunction as the ends of justice may require.

Dated: March 19, 2009

/s/ John A. Mendez_____
THE HONORABLE JOHN A. MENDEZ

**APPROVED AS TO FORM**:

/S/\_THOMAS J. BENEDICT_____
Attorney for Defendant Kendrick Hooper

PDF created with pdfFactory trial version www.pdffactory.com