IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA T. HOOPER AND LOUIS G. HOOPER AS TRUSTEES OF THE GORDON HOOPER REAL ESTATE, INC. EMPLOYEES' PENSION AND PROFIT SHARING PLAN; RITA T. HOOPER, INDIVIDUALLY; LOUIS G. HOOPER, INDIVIDUALLY; GORDON HOOPER REAL ESTATE, INC., | No. Civ. S-08-0699 JAM KJM <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS |
|     Plaintiffs, | |
|   v. | |
| KENDRICK HOOPER, | |
|     Defendant. | |
| KENDRICK HOOPER, | |
|     Counter-Claimant, | |
|   v. | |
| RITA T. HOOPER AND LOUIS G. HOOPER AS TRUSTEES OF THE GORDON HOOPER REAL ESTATE, INC. EMPLOYEES' PENSION AND PROFIT SHARING PLAN; RITA T. HOOPER, INDIVIDUALLY; LOUIS G. HOOPER, INDIVIDUALLY; GORDON HOOPER REAL ESTATE, INC., | |
|     Counter-Defendants. | |

This matter comes before the Court on Defendant Kendrick Hooper's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiffs Gordon Hooper Real Estate, Inc., Rita T. Hooper, and Louis G. Hooper (collectively "Plaintiffs") oppose the motion. For the reasons set forth below, Defendant's motion is GRANTED.

## I. JURISDICTION AND VENUE

This Court has exclusive jurisdiction of this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*; 29 U.S.C. § 1132(e)(1). The Court has jurisdiction over the state claims under 28 U.S.C. § 1367(a). After carefully balancing whether to dismiss Plaintiffs' supplemental claims, this Court finds the ERISA claims predominate over the supplemental claims and thus, the Court grants supplemental jurisdiction. Venue is proper under 29 U.S.C. § 1132(e)(2) because the acts of Defendant giving rise to the complaint occurred in this jurisdiction, and Plaintiffs and Defendants are residents of the Eastern District.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The factual background underlying this case is more fully outlined in the Court's previous order denying Plaintiffs' motion for writ of possession and for injunctive relief. See Order, filed January 21, 2009, at Docket ("Doc.") # 47. The present motion for judgment on the pleadings focuses on

Plaintiffs' third, fourth, and fifth claims for relief as alleged by Louis G. Hooper and Rita T. Hooper, individually and as trustees of the Gordon Hooper Real Estate, Inc. Employees' Pension and Profit Sharing Plan (the "Plan") and the sixth claim for relief as alleged by Rita T. Hooper, individually. Def.'s Mot. for Judgment on the Pleadings ("Def's Mot."), Doc. # 48. Plaintiffs oppose the motion. Pl's Opposition ("Pl's Opp."), Doc. # 62.

III. OPINION

A. Legal Standard

Judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), is proper only when there is no unresolved issue of fact, and no question remains that the moving party is entitled to judgment as a matter of law. Honey v. Distelrath, 195 F.3d 531, 532-33 (9th Cir. 1999). It must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Sun Savings and Loan Ass'n v. Dierdorff, 825 F.2d 187, 191 (9th Cir. 1987).

The standard applied on a Rule 12(c) motion is essentially the same as that applied on a motion to dismiss pursuant to Federal Rule of Civil Procedure (12)(b)(6). See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). Thus, the allegations of the non-moving party are

accepted as true, and all inferences reasonably drawn from those facts must be construed in favor of the responding party. Id. However, conclusory allegations and unwarranted inferences are insufficient to defeat a motion for judgment on the pleadings. In re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

B. <u>Plaintiffs' Third, Fourth, and Fifth Claims: Breach of Fiduciary Duty, Diversion of Real Estate Commissions, and Seizure of Corporate Opportunities</u>

Plaintiffs' third, fourth, and fifth claims allege breach of fiduciary duty, diversion of real estate commissions, and seizure of corporate opportunities, respectively. Complaint ("Compl.") ¶¶ 21-38. Plaintiffs seek to recover commissions from real estate deals run through Gordon Hooper Real Estate, Inc. (the "Corporation"), corporate real estate offices, and corporate equipment, supplies, and fixtures. Id. Though the Corporation has brought these claims in its own capacity, Plaintiffs also seek to bring these claims in their capacities as individual shareholders and trustees.[1] Defendant contends that Louis and Rita Hooper cannot bring claims for any alleged

---

[1] As noted in Defendant's Reply, Plaintiffs' Opposition does not address Louis and Rita Hooper's ability to pursue these claims as trustees of the Plan. Its failure to address this point is interpreted as a concession that Plaintiffs, as trustees of the Plan, cannot maintain the third, fourth, and fifth claims. See Def's Reply, Doc. # 65, at 2, n.1.

4

injury to Gordon Hooper Real Estate, Inc. because the Corporation has itself brought such claims directly and on its own behalf. Def's Mot. at 4-6.

In opposition, Plaintiffs maintain that they suffered injuries independent of those to the Corporation. Pls.' Opp. at 2-5. Plaintiffs also assert that the standards for precluding dual claims by a corporation and its shareholders differ where corporations have a small number of shareholders, as is the case here. Id. at 2. Specifically, Plaintiffs argue that in such cases, courts allow dual corporate and shareholder suits when "the acts of one officer/shareholder directly impacts [sic] both corporation and the other shareholders." Id.

California law precludes shareholders from bringing individual claims seeking redress for corporate injuries. The corporation is a legal entity that maintains the sole right to bring claims seeking remedy for the harms it suffers. See Jones v. H.F. Ahmanson & Co., 1 Cal.3d 93, 107 (Cal. 1969). If the corporation fails to bring suit, shareholders can bring a derivative suit on the corporation's behalf where management (or any third party) breaches a duty owed to the corporation and the corporation fails to assert its own cause of action. See Grosset v. Wenaas, 42 Cal. 4th. 1100, 1108 (Cal. 2008); Schuster v. Gardner, 127 Cal. App. 4th 305, 312 (Cal. Ct. App. 2005). If the corporation brings suit, a shareholder cause of action

exists only if damages to the shareholder are separate from and independent of the corporation's injuries. See Jones, 1 Cal.3d at 107.

In this case, the Corporation brought suit directly, asserting the same causes of action as Plaintiffs. Therefore, Plaintiffs cannot bring individual claims unless they successfully demonstrate that their asserted injuries are more than incidental to the Corporation's injuries. See id. Plaintiffs have failed to satisfy this burden. Plaintiffs' injuries are neither separate nor distinct from the Corporation's injuries. The crux of Plaintiffs' claims involves alleged misuse of corporate property resulting in dissipated company assets. See Compl. at 6-9. In other words, the Plaintiffs, claiming the same injuries as the Corporation, seek redress for harms to the Corporation, not individual harms.[2]

Plaintiffs claim they have suffered individual harms in the form of "devastating personal financial loss . . . as the sole remaining shareholders." Pls.' Opp. at 5. However, a shareholder cannot bring a direct action for damages against

---

[2] In a footnote in its opposition motion, Plaintiffs allege the existence of a $600,000 promissory note they issued to the Corporation. Pls.' Opp. at 6, n.2. This allegation is not in Plaintiffs' complaint and Plaintiffs have not previously raised the issue. This Court's consideration of this matter is limited to the four corners of the complaint. As a result, this Court will not consider it in assessing the merits of claims three, four, and five.

6

corporate management on the theory that management's alleged wrongdoing decreased the value of the shareholder's stock (e.g. by reducing corporate assets and net worth). Schuster, 127 Cal. App. 4th at 312; see Sutter v. Gen. Petroleum Corp., 28 Cal. 2d 525, 529-30 (Cal. 1946). The alleged decrease in the value of Plaintiffs' pension, which is incidental to the Corporation's stock devaluation, is similarly insufficient to sustain an individual claim. In short, Plaintiffs' injures are incidental to the Corporation's.

Nevertheless, Plaintiffs ask the Court to allow them to proceed individually alongside the Corporation's direct action for injuries that are effectively the same those of the Corporation's. Plaintiffs cite to numerous cases in support of their contention that they can bring suit directly alongside the Corporation. However, none of these cases validate direct actions by both a corporation and its shareholders. Moreover, these cases are further distinguishable on multiple bases.

Plaintiffs' cases all involve minority shareholders seeking to file suit individually. See Jones, 1 Cal. 3d 93; Sutter, 28 Cal. 2d 525; Denevi v. LGCC, 121 Cal. App. 4th 1211 (Cal. Ct. App. 2004); Jara v. Suprema Meats, Inc., 121 Cal. App. 4th 1238 (Cal. Ct. App. 2004); Crain v. Elec. Memories & Magnetics Corp., 50 Cal. App. 3d 509 (Cal. Ct. App. 1975). While the courts in these cases allowed plaintiffs to maintain individual suits,

7

each involved minority shareholders as plaintiffs.  The facts here are different, as Plaintiffs are the majority shareholders, despite their attempts to classify themselves otherwise.  See Pls.' Opp. at 4 (characterizing Plaintiffs as "fellow minority shareholders" along with Defendant).

The cases upon which Plaintiffs' rely are further distinguishable on alternative grounds.  In their briefs and at the March 11, 2009 hearing, Plaintiffs cited to Denevi and Sutter.  They rely on these two cases to demonstrate instances in which plaintiffs successfully moved forward on individual claims that also involved corporate harms.  Pls.' Opp. at 2-3.  Yet, these cases are clearly distinguishable on the facts.  In both cases, the individual shareholders' harms occurred before the corporation was formed, rendering the subsequent corporate harm separate and distinct from the shareholders' preceding injury.  In Denevi, the plaintiff's personal claims did not arise from the same "state of facts" as the derivative claim he also brought.  Denevi, 121 Cal. App 4th at 1218-19.  In fact, the individual claim arose from actions before the corporation was formed, whereas the corporation's injury necessarily occurred after its formation.  Id.

Sutter is similarly distinguishable.  In that case, the defendants carried out an alleged fraud against the plaintiff individually in order to induce formation of the corporation and

8

subsequent investment in the entity. Sutter, 28 Cal. 2d at 530-31. In other words, the defendants fraudulently induced the plaintiff as an individual to organize and finance the corporation, effectively giving rise to the plaintiff's personal injuries. Id. As previously discussed, Plaintiffs' claims here are not similarly distinct or separate from the alleged injuries to the Corporation. As a result, these cases do not justify allowing Plaintiffs to maintain their third, fourth, and fifth claims individually.

Plaintiffs' also rely heavily on Jara for the proposition that courts evaluate corporations with few shareholders differently. Pls.' Opp. at 2-3. Like this case, Jara involved three shareholders. Jara, 121 Cal. App. 4th 1238 (Cal. Ct. App. 2004). Beyond that, however, the similarities are few. Jara did not involve a corporation's direct claim. Moreover, it concerned allegations of a different nature – executive compensation disputes. Id. at 1248. In addition, the plaintiff in Jara was a minority shareholder, unlike the plaintiffs in this case. Id. at 1238-42.

California law prohibits corporate shareholders from filing suit to seek individual redress for harm to the corporation. See Jones, 1 Cal.3d at 107. Here, Plaintiffs have not demonstrated that they have suffered any harm distinct from those the Corporation alleges. Accordingly, Defendant's motion

for judgment on the pleadings as to the Plaintiffs' third, fourth, and fifth claims in their capacities as individuals and as trustees of the Plan is GRANTED.

C. Plaintiffs' Sixth Claim: Financial Abuse of an Elder

Plaintiffs' sixth claim for relief asserts an Elder Abuse claim in violation of the California Welfare and Institutions Code § 15610 *et. seq.* The sixth claim alleges that Defendant caused Rita T. Hooper to suffer emotional distress by causing title in the Auburn Property to be solely in Defendant's name, by using $300,000 worth of Plan money to make improvements to the property, and by secretly causing Corporation commissions to be diverted in his name and for his benefit. Defendant contends Rita T. Hooper cannot maintain the sixth claim because she does not have an ownership interest in the property under the terms of Cal. Welf. & Inst. Code § 15610.30.

California's Elder Abuse Act, Cal. Welf. & Inst. Code Section 15600, *et. seq.*, was enacted to protect elders by providing enhanced remedies which encourage private, civil enforcement of laws against elder abuse and neglect. <u>Intrieri v. Superior Court</u>, 117 Cal.App.4th 72, 82 (2004); <u>In re Conservatorship of Kayle</u>, 134 Cal.App.4th 1, 5-6 (2005). Section 15610.30 of the Act provides that financial abuse of an elder occurs, *inter alia*, when a person or entity, acting in bad faith: "Takes, secretes, appropriates, or retains real or

personal property of an elder or dependant adult to a wrongful use or with intent to defraud, or both." Cal. Welf. & Inst. Code § 15610.30(a)(1). Under the same section, the statute provides "a person or entity takes, secretes, appropriates, obtains or retains real or personal property when an elder or dependant adult is deprived of any property right . . . regardless of whether the property is held directly or by a representative. . ." Cal. Welf. & Inst. Code § 15610.30(c). The statute expressly defines "representative" as: "(1) a conservator, trustee, or other representative of the estate of an elder or dependant adult; or (2) an attorney-in-fact of an elder or dependent adult who acts within the authority of the power of attorney." Cal. Welf. & Inst. Code § 15610.30(d).

Here, Rita Hooper does not have a direct property right in the Auburn Property, the $300,000 used to improve the Auburn property, or the Corporation's real estate commissions. Rather, the Auburn Property and money used for improvements belong to the Plan, while the real estate commissions are Corporation assets. Plaintiffs even allege in their complaint that the Auburn Property should be "in the name and for the benefit of the Plan and its participants and beneficiaries." Compl. ¶ 40. Although Plaintiffs argue that Rita T. Hooper's status as a beneficiary of the Plan coupled with the polices underlying ERISA's fiduciary obligations favor a finding that Rita T.

11

Hooper has a property interest in the Auburn property, Plaintiffs cannot cite to a single case where such an action for a failure to distribute ERISA benefits has been maintained as a financial elder abuse claim under Cal. Welf. & Inst. Code § 15610.30. Rita T. Hooper cannot maintain her sixth claim for financial elder abuse where, as here, she has no direct property interest in the property she alleges was misappropriated.

Further, Rita T. Hooper has not alleged that the Plan or Defendant is holding her property right as a "representative." Neither the Plan nor Defendant is Rita T. Hooper's attorney-in-fact or the conservator, trustee or representative of her estate. Although Plaintiffs have successfully alleged in their second claim that Defendant breached his fiduciary duties to Rita T. Hooper as trustee of the Plan, this assertion is not enough to maintain a claim under California's Elder Abuse Act. Because Rita T. Hooper does not hold a property right directly or by a representative under the terms of Cal. Welf. & Inst. Code § 15610.30 in the Auburn property, the $300,000 used for improvements, or the Corporation's real estate commissions, she cannot maintain her sixth claim. Accordingly, Defendant's motion for judgment on Plaintiff's sixth claim for elder abuse is hereby GRANTED.

III. ORDER

For the reasons set forth above, Defendant's motion for judgment on the pleadings is GRANTED.

IT IS SO ORDERED.

Dated: March 24, 2009

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE